IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. |
| Plaintiff, | : | |
| vs. | : | MICHAEL J. NEWMAN |
| PIERRE LEMONE DRAPER (1) | : | INDICTMENT |
| (Counts 1, 4, 5, 6, 7, 8, 9, 10, 11, 18, 19, 20, 21, | | 18 U.S.C. § 2 |
| 22, 23, 24, 25, 26, 33, 34, 35, 36, 37, 38, 39, 40, | : | 18 U.S.C. § 371 |
| 41, 48, 49, 50, 51 & 52) | | 18 U.S.C. § 1040 |
| | : | 18 U.S.C. § 1028A(a)(1) |
| CHELSEA MARIE DRAPER (2) | | 18 U.S.C. § 1343 |
| a/k/a CHELSEA MARIE CAUDILL | : | |
| (Counts 1, 2, 3, 12, 15, 16, 17, 27, 30, 31, 32, | | |
| 42, 45, 46 & 47) | : | |
| | | |
| SUNDAY SHANIQUA HAND (3) | : | |
| (Counts 1, 13, 14, 28, 29, 43 & 44) | | |
| | : | |
| Defendants. | | |

THE GRAND JURY CHARGES THAT:

## COUNT 1
### [18 U.S.C. § 371]

### INTRODUCTION

#### (The Federal Unemployment Insurance Program)

1.     The Social Security Act of 1935 created a joint federal and state unemployment insurance (UI) system.  This system provides benefits to individuals who are unemployed for reasons beyond their control.  The purpose of the UI system is (1) to lessen the effects of unemployment through cash payments made directly to laid-off workers, and (2) to ensure that life necessities are met on a weekly basis while the worker seeks employment.

2.      State unemployment systems are jointly funded by state and federal funds but administered by the State Workforce Agencies (hereafter "SWA"). In Ohio, the SWA is administered by the Office of Insurance Operations which is part of the Ohio Department of Job and Family Services (hereafter "Ohio SWA"). In Illinois, the SWA is the Department of Employment Security (hereafter "Illinois SWA"). In Indiana, the SWA is the Department of Workforce Development (hereafter "Indiana SWA"). In Maine, the SWA is the Department of Labor (hereafter "Maine SWA"). In Missouri, the SWA is the Division of Employment Security (hereafter "Missouri SWA"). In Mississippi, the SWA is the Department of Employment Security (hereafter "Mississippi SWA"). In Nebraska, the SWA is the Department of Labor (hereafter "Nebraska SWA"). The U.S. Department of Labor funds each of the respective administrative costs including salaries, office expenses and computer equipment.

3.      Under normal circumstances, when state UI benefits are exhausted, they may be supplemented by federal funds appropriated by the U.S. Department of Labor. The federal government has provided significant supplemental UI benefits to the states as a result of the COVID-19 pandemic.

4.      On March 18, 2020, the Families First Coronavirus Response Act (FFRA) became federal law. This law provided additional flexibility for state unemployment insurance agencies and additional federal administrative funding to respond to the COVID-19 pandemic. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into federal law (P.L. 116-136). It further expanded individual states' ability to provide financial assistance to the many workers impacted by the COVID-19 pandemic, including workers not otherwise eligible for normal UI benefits.

5.      Another recently passed federal UI program was the Federal Pandemic Unemployment Compensation (FPUC) program. The FPUC allowed eligible individuals who are collecting certain UI benefits, including regular unemployment compensation, to receive an additional $600 in weekly federal benefits for periods of unemployment ending on or before July 31, 2020. Another federal initiative called the Pandemic Emergency Unemployment Compensation (PECU) program, allowed individuals who have exhausted their UI benefits under regular unemployment compensation or other programs to receive up to 13 weeks of additional federally funded benefits.

6.      Normally (in the absence of fraud), an unemployed worker initiates an unemployment claim ("UI claim"). This can be accomplished by submitting a claim either in person, over the telephone, or via the Internet. The overwhelming majority of UI claims are currently filed online through a state's SWA website. In order to establish UI eligibility, a worker must demonstrate a certain level of earnings in several calendar quarters immediately preceding the filing of a claim. The amount of unemployment benefits that a UI claimant might be eligible for depends on a variety of factors, including, but not limited to, the length of his or her previous employment and the amount of wages he or she earned.

7.      The SWA will either approve or reject a submitted UI claim based on the merits of the application. If approved, the SWA will send UI benefits to the claimant either weekly or bi-weekly. Some SWAs utilize a debit card system in which a debit card is mailed to the address provided by the claimant upon approval of the claim. The claimant may use this debit card just as they would any other debit card. Other SWAs provide claimants UI benefits through a direct bank deposit. On a weekly or bi-weekly basis, claimants are required to fill out a Continued-Claim Form and mail it back to the SWA. Claimants can also certify that they are unemployed on the SWAs website or by telephone. The purpose of filing a Continued-Claim Form is to determine

whether the claimant remains unemployed. Once the Continued-Claim Form is received by the SWA, payment is authorized and benefits for that period are either reloaded onto the claimant's existing debit card or sent via direct deposit.

8.     The amount of weekly UI benefits paid to a claimant is based on the claimant's prior earnings, as reported by their employer for a specified time period called the "base wage" period. Employers report these wages to the SWA via a Quarterly Wage and Withholding Report. Quarterly Wage and Withholding Reports require employers to provide certain information such as: the business' name, address, SWA account number, the employees names and Social Security Number ("SSN"), and the wages earned by each employee during a calendar quarter in question. Employers are required to file these reports at the end of each calendar quarter.

9.     Prior to submitting these quarterly reports, employers must register with an SWA by submitting a Registration Form for Commercial Employers. This form advises the SWA about a company's existence, and causes the SWA to assign an account number to that company.

10.     As part of the UI application process, SWAs inquire of every claimant whether they are receiving UI benefits from any other states. Claimants are legally prohibited from collecting UI benefits from more than one state at the same time. Claimants that become unemployed and qualify for UI benefits from a state other than that in which they reside, however, earned wages must have been reported in the state where the claimant was formerly employed.

### (The Paycheck Protection Program)

11.     As part of the CARES Act, Congress appropriated approximately $349 billion to provide financial relief to qualifying individuals in the form of forgivable small business loans for job retention and payment of certain other expenses, through a program called the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $320 billion in additional funding for PPP loans.

12.    In order to obtain a PPP loan, a small business owner (or authorized representative) must submit a PPP loan application. Each application was required to be signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications regarding its eligibility. In the application, the small business's authorized representative was required to disclose, among other things, the business's average monthly payroll expenses and number of employees. This information was used to calculate the business's eligibility, and the amount of money it could receive under the PPP. In addition, the authorized representative was required to answer certain questions concerning the representative's criminal history. Applicants were also required to make good faith certifications, including that economic uncertainties necessitated the loan request to continue business operations.

13.    PPP loan proceeds were required to be applied for certain specific business expenses i.e., payroll costs, interest on mortgages, rent, and utilities. The Small Business Administration ("SBA") guaranteed repayment of these loans. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven by the SBA if the business in fact spent the loan proceeds on authorized items within a designated time period, and used at least 60% of the PPP loan proceeds for payroll expenses.

14.    To gain access to PPP funds, small businesses applied directly through participating financial lending institutions. Qualifying applicants received the PPP loan proceeds directly from these financial institutions.

15.    Participating financial institutions required PPP loan applicants to provide truthful information about their business, and its ownership, including information about the business's operating expenses, how the PPP loan would be used, and the applicant's criminal history, each of these were considered material to lenders' approval, terms, and funding of loans.

## CONSPIRACY

16. From on or about March 1, 2020 and continuing through on or about May 31, 2021, both dates being approximate and inclusive, while in the Southern District of Ohio and elsewhere, defendants **PIERRE LEMONE DRAPER ("PLD"), CHELSEA MARIE DRAPER a/k/a CHELSEA MARIE CAUDILL ("CMD")** and **SUNDAY SHANIQUA HAND ("SSH")**, did knowingly combine, conspire, confederate and agree by and between themselves, to defraud the United States, and to commit various violations of federal law to include: theft and conversion of money and things of value from the United States in violation of 18 U.S.C. § 641; making false statements on a loan application in violation of 18 U.S.C. § 1014; making a materially false, fictitious and fraudulent statement in an application for a federal emergency benefit in violation of 18 U.S.C. § 1040; wire fraud in violation of 18 U.S.C. § 1343; the knowing transfer, possession and use without lawful authority of a means of identification of another person with the intent to commit fraud in violation of 18 U.S.C. § 1028(a)(7); and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

## OBJECT OF THE CONSPIRACY

17. It was an object of the conspiracy for the conspirators to engage in a fraud scheme designed to steal and convert federal and state benefits from various SWAs who were tasked with administering the distribution of UI funds pursuant to the Social Security Act of 1935, the CARES Act, FFCRA, the FPUC Program, the PECU Program and the PPP, in order to unjustly enrich themselves and enjoy the criminal fruits, proceeds and benefits of their criminal actions.

## THE MANNER AND MEANS

18. It was part of the conspiracy that the defendants would employ deceit, craft, trickery and other dishonest means to steal, convert and illicitly acquire UI benefits from various SWAs

and PPP loans from various financial institutions who administered these SBA federally backed loans.

19.    It was further part of the conspiracy that the defendants would cause to be prepared and submitted to various SWAs false, fictitious and fraudulent UI claims.

20.    It was further part of the conspiracy that the defendants would cause to be prepared and submitted to various financial institutions false, fictitious and fraudulent applications for federally backed PPP loans.

21.    It was further part of the conspiracy that the defendants would thereafter use said stolen UI benefits and PPP loans proceeds for unauthorized purposes to include purchasing recreational vehicles, motor vehicles, trips and other personal expenses.

22.    It was further part of the conspiracy that the defendants would conceal, disguise and insulate their identities and actual roles played in carrying out this fraud scheme and artifice from the respective SWAs, financial institutions, SBA officials, law enforcement officials and prosecution authorities.

23.    It was further part of the conspiracy that the defendants would otherwise enjoy the criminal fruits, proceeds and benefits of their fraud scheme.

## OVERT ACTS

24.    In furtherance of this conspiracy, and to effect the objects thereof, at lease one conspirator knowingly committed one of the following overt acts which in the Southern District of Ohio:

a.    On or about May 29, 2020, **PIERRE LEMONE DRAPER** caused to be prepared and electronically transmitted and filed in interstate commerce a false and fraudulent claim for UI benefits valued at $10,333.00 with the Indiana SWA.

b.    On or about June 12, 2020, **PIERRE LEMONE DRAPER** caused to be prepared and electronically transmitted and filed in interstate commerce a false and fraudulent claim for UI benefits valued at $7,568.00 with the Nebraska SWA.

7

c.  On or about June 24, 2020, **PIERRE LEMONE DRAPER** caused to be prepared and electronically transmitted and filed in interstate commerce a false and fraudulent claim for UI benefits valued at $9,309.00 with the Missouri SWA.

d.  On or about July 29, 2020, **PIERRE LEMONE DRAPER** caused to be prepared and electronically transmitted and filed in interstate commerce a false and fraudulent claim for UI benefits valued at $13,300.00 with the Maine SWA.

e.  On or about June 25, 2020, **PIERRE LEMONE DRAPER** caused to be prepared and electronically transmitted and filed in interstate commerce a false and fraudulent claim for UI benefits valued at $1,412.00 with the Mississippi SWA.

f.  On or about August 1, 2020, **PIERRE LEMONE DRAPER** caused to be prepared and electronically transmitted and filed in interstate commerce a false and fraudulent claim for UI benefits valued at $20,514.00 with the Illinois SWA.

g.  On or about April 1, 2021, **PIERRE LEMONE DRAPER** fraudulently applied for an SBA PPP loan (loan #4778428705) totaling $20,833.00 funded by Fountainhead SBF.

h.  On or about April 10, 2021, **PIERRE LEMONE DRAPER** fraudulently applied for an SBA PPP loan (loan #6482098800) totaling $20,833.00 funded by Fountainhead SBF.

i.  On or about April 28, 2021, **PIERRE LEMONE DRAPER** fraudulently applied for an SBA PPP loan (loan #4284248906) totaling $20,833.00 funded by Benworth Capital Partners.

j.  On or about April 14, 2021, **CHELSEA MARIE DRAPER** fraudulently applied for an SBA PPP loan (loan #3080518810) totaling $20,833.00 funded by Harvest SBF.

k.  On or about April 29, 2021, **CHELSEA MARIE DRAPER** fraudulently applied for an SBA PPP loan (loan #3531828907) totaling $20,833.00 funded by Fountainhead SBF.

l.  On or about April 14, 2021, **SUNDAY SHANIQUA HAND** fraudulently applied for an SBA PPP loan (loan #3158138804) totaling $20,833.00 funded by Harvest SBF.

m.  On or about April 26, 2021, **SUNDAY SHANIQUA HAND** fraudulently applied for an SBA PPP loan (loan #2339808907) f totaling $20,833.00 funded by Fountainhead SBF.

n.     On or about April 6, 2021, **SUNDAY SHANIQUA HAND** and **PIERRE LEMONE DRAPER** exchanged a series of text messages discussing details of preparing future fraudulent PPP loan applications for third parties.

o.     On or about April 20, 2021, **SUNDAY SHANIQUA HAND** and **PIERRE LEMONE DRAPER** exchanged at least one text message discussing the payment of a $5,000.00 fee from **SUNDAY SHANIQUA HAND** to **PIERRE LEMONE DRAPER** for assistance previously rendered in preparing and filing a fraudulent PPP loan application on **SUNDAY SHANIQUA HAND's** behalf.

p.     On or about June 14, 2020, **CHELSEA MARIE DRAPER** caused to be prepared and electronically transmitted and filed in interstate commerce a false and fraudulent claim for UI benefits valued at $2,396.00 with the Indiana SWA.

q.     On or about October 3, 2020, **CHELSEA MARIE DRAPER** caused to be prepared and electronically transmitted and filed in interstate commerce a false and fraudulent claim for UI benefits valued at $22,608.00 with the Illinois SWA.

All in violation of 18 U.S.C. § 371.

## COUNTS 2 - 8
### [18 U.S.C. §§ 1040 and 2]

25.     Paragraphs 1 through 24 of this indictment are realleged and incorporated by reference as if fully set forth herein.

26.     On the below listed approximate dates, while in the Southern District of Ohio and elsewhere, the defendants **PIERRE LEMONE DRAPER** and **CHELSEA MARIE DRAPER** knowingly made materially false, fictitious and fraudulent statements and representations to the below listed SWAs indicating they resided at the below listed addresses prior to the onset of the COVID-19 pandemic to qualify for UI benefits under the provisions of FFRA, FPUC and PEUC and the CARES Act.

27.     The defendants knew that the said statements and representations were materially false and fraudulent.

28.     Said statements were made in connection with applications UI benefits paid and authorized by the below listed SWAs pursuant to the CARES Act and an emergency declaration

under section 501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5191).

29.   The authorization, disbursement and payment of these UI benefits represented appropriated federal monies of the United States Department of Labor, a department of the United States and SWAs which affected interstate and foreign commerce.

| Count | Defendant's Name | SWA | Date of Claim | Fraudulent Address Provided |
|---|---|---|---|---|
| 2 | CMD | Indiana | 6/14/20 | 1101 Home Avenue<br>Ft. Wayne, Indiana 46807 |
| 3 | CMD | Illinois | 10/3/20 | 1401 S. Tripp Avenue<br>Chicago, Illinois 60623 |
| 4 | PLD | Illinois | 8/1/20 | 1401 S. Tripp Avenue<br>Chicago, Illinois 60623 |
| 5 | PLD | Mississippi | 6/25/20 | 317 Peach Orchard Drive<br>Ridgeland, Mississippi 39157 |
| 6 | PLD | Maine | 7/29/20 | 110 Main Street<br>New Sharon, Maine 04955 |
| 7 | PLD | Missouri | 6/24/20 | 119 Redwood Road<br>Columbia, Missouri 65203 |
| 8 | PLD | Nebraska | 6/12/20 | 334 Smith Avenue<br>Minden, Nebraska 68959 |

In violation of 18 U.S.C. §§ 1040 and 2.

## COUNT 9 - 15
## [18 U.S.C. §§ 1040 and 2]

30.   Paragraphs 1 through 24 of this indictment are realleged and incorporated by reference as if fully set forth herein.

31.   On the below listed approximate dates, while in the Southern District of Ohio and elsewhere, the defendants **PIERRE LEMONE DRAPER, CHELSEA MARIE DRAPER** and

**SUNDAY SHANIQUE HAND** knowingly made materially false, fictitious and fraudulent statements and representations to the below listed third party financial institutions serving as representatives of the SBA in connection with PPP loan applications submitted pursuant to the provisions of the CARES Act, to wit: they owned and operated sole proprietor businesses prior to the onset of the COVID-19 pandemic that had generated certain documented profits, income and losses as reflected on fraudulent 2019 federal income tax returns that were submitted as part of the PPP loan application process.

32.     The defendants knew these statements and representations were materially false and fraudulent.

33.     Said statements were made in connection with fraudulent applications submitted for federally guaranteed PPP loans that were authorized and paid pursuant to the CARES Act and an emergency declaration under section 501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5191).

34.     The authorization, disbursement and payment of these PPP loan benefits represented appropriated federal monies of the SBA, an agency of the United States and the United States Department of the Treasury which affected interstate and foreign commerce.

| Count | Defendant's Name | Date | Loan Amount | Loan No. | Financial Institution |
|:---:|:---:|:---:|:---:|:---:|:---:|
| 9 | PLD | 4/1/21 | $20,833.00 | 4778428705 | Fountainhead SBF |
| 10 | PLD | 4/10/21 | $20,833.00 | 6482098800 | Fountainhead SBF |
| 11 | PLD | 4/28/21 | $20,833.00 | 4284248906 | Benworth Capital |
| 12 | CMD | 4/14/21 | $20,833.00 | 3080518810 | Harvest SBF |
| 13 | SSH | 4/14/21 | $20,833.00 | 3158138804 | Harvest SBF |
| 14 | SSH | 4/26/21 | $20,833.00 | 2339808907 | Fountainhead SBF |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15** | **CMD** | 4/29/21 | $20,833.00 | 3531828907 | Fountainhead SBF |

In violation of 18 U.S.C. §§ 1040 and 2.

## COUNTS 16 - 23
## [18 U.S.C. §§ 641 and 2]

35.     Paragraphs 1 through 24 of this indictment are realleged and incorporated by reference as if fully set forth herein.

36.     On the below listed approximate dates, while in the Southern District of Ohio, the defendants **PIERRE LEMONE DRAPER** and **CHELSEA MARIE DRAPER** willfully and knowingly did steal, purloin and convert to their own use the below listed monies of a value exceeding $1,000 of the United States, from the United States Department of Labor, a department thereof, in the form of UI payments administered by the respective listed SWAs pursuant to the provisions of the FFCRA, FPUC and PEUC and the CARES Act.

| Count | Defendant's Name | SWA | Date of Claim | Amount Paid |
|---|---|---|---|---|
| **16** | **CMD** | Indiana | 6/14/20 | $2,396.00 |
| **17** | **CMD** | Illinois | 10/3/20 | $22,608.00 |
| **18** | **PLD** | Indiana | 5/29/20 | $10,333.00 |
| **19** | **PLD** | Nebraska | 6/12/20 | $7,568.00 |
| **20** | **PLD** | Missouri | 6/24/20 | $9,309.00 |
| **21** | **PLD** | Maine | 7/29/20 | $13,300.00 |
| **22** | **PLD** | Illinois | 8/1/20 | $20,514.00 |
| **23** | **PLD** | Mississippi | 6/25/20 | $1,412.00 |

In violation of 18 U.S.C. §§ 641 and 2.

## COUNTS 24 - 30
### [18 U.S.C. §§ 641 and 2]

37.    Paragraphs 1 through 24 of this indictment are realleged and incorporated by reference as if fully set forth herein.

38.    On the below listed approximate dates, while in the Southern District of Ohio, the defendants **PIERRE LEMONE DRAPER**, **CHELSEA MARIE DRAPER** and **SUNDAY SHANIQUE HAND** willfully and knowingly did on the below listed occasions, steal, purloin and convert to their own use the below listed amounts of United States monies, exceeding $1,000 in value, which were backed and guaranteed by the SBA, an agency thereof and the U. S. Department of Treasury, in the form of PPP loan proceeds pursuant to the provisions of the CARES Act.

| Count | Defendant's Name | Date | Loan Amount | Loan No. | Financial Institution |
|-------|------------------|------|-------------|----------|------------------------|
| 24 | PLD | 4/1/21 | $20,833.00 | 4778428705 | Fountainhead SBF |
| 25 | PLD | 4/10/21 | $20,833.00 | 6482098800 | Fountainhead SBF |
| 26 | PLD | 4/28/21 | $20,833.00 | 4284248906 | Benworth Capital |
| 27 | CMD | 4/14/21 | $20,833.00 | 3080518810 | Harvest SBF |
| 28 | SSH | 4/14/21 | $20,833.00 | 3158138804 | Harvest SBF |
| 29 | SSH | 4/26/21 | $20,833.00 | 2339808907 | Fountainhead SBF |
| 30 | CMD | 4/29/21 | $20,833.00 | 3531828907 | Fountainhead SBF |

In violation of 18 U.S.C. §§ 641 and 2.

## COUNTS 31 - 38
### [18 U.S.C. §§ 1343 and 2]

39.    Paragraphs 1 through 24 of this indictment are hereby realleged and incorporated by reference as if fully set forth herein.

40.     From on or about May 29, 2020 to on or about October 3, 2020, while in the Southern District of Ohio and elsewhere, the defendants **PIERRE LEMONE DRAPER** and **CHELSEA MARIE DRAPER** devised and intended to devise a scheme and artifice to defraud the U.S. Department of Labor, a department of the United States and SWAs, and obtain money, proceeds and other property by means of false and fraudulent pretenses, representations and promises.

41.     It was part of the scheme that the defendants falsely and fraudulently prepared and filed UI benefits claims with the below listed SWAs indicating they resided at various addresses located outside the Southern District of Ohio prior to the COVID-19 pandemic, when in fact they actually resided in the Greater Dayton, Ohio area.

42.     On or about the dates set forth below, while in Dayton, Ohio and elsewhere, the defendants, for the purposes of executing the above-described fraud scheme, caused the following UI benefit claims to be transmitted in interstate commerce, -- namely, between Southern Ohio and another state -- by means of wire communication certain signs, signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Defendant's Name | SWA | Date of Claim | Amount Paid |
|-------|------------------|-----|---------------|-------------|
| 31 | CMD | Indiana | 6/14/20 | $2,396.00 |
| 32 | CMD | Illinois | 10/3/20 | $22,608.00 |
| 33 | PLD | Indiana | 5/29/20 | $10,333.00 |
| 34 | PLD | Nebraska | 6/12/20 | $7,568.00 |
| 35 | PLD | Missouri | 6/24/20 | $9,309.00 |
| 36 | PLD | Maine | 7/29/20 | $13,300.00 |
| 37 | PLD | Illinois | 8/1/20 | $20,514.00 |

| | | | | |
|---|---|---|---|---|
| **38** | **PLD** | Mississippi | 6/25/20 | $1,412.00 |

In violation of 18 U.S.C. §§ 1343 and 2.

**COUNTS 39 - 45**
**[18 U.S.C. §§ 1343 and 2]**

43.     Paragraphs 1 through 24 of this indictment are hereby realleged and incorporated by reference as if fully set forth herein.

44.     From on or about April 1, 2021 to on or about May 3, 2021, while in the Southern District of Ohio and elsewhere, the defendants **PIERRE LEMONE DRAPER, CHELSEA MARIE DRAPER** and **SUNDAY SHANIQUE HAND** devised and intended to devise a scheme and artifice to defraud the SBA, an agency of the United States and the U.S. Department of Treasury and the below listed third party financial institutions, and obtain money, proceeds and other property by means of false and fraudulent pretenses, representations and promises.

45.     It was part of the scheme that the defendants falsely and fraudulently prepared and filed applications for SBA guaranteed PPP loans with the below listed financial institutions indicating they had owned and operated sole proprietor businesses which generated certain profits, gains and losses prior to the COVID-19 pandemic, as reflected in fraudulent personal federal income tax returns they included in their PPP loan applications.

46.     On or about the dates set forth below, in Dayton, Ohio and elsewhere, the defendants, for the purposes of executing the above-described scheme, caused PPP loan applications to be transmitted by means of wire communication in interstate commerce the signals and sounds described below from Southern Ohio to Sterling, Virginia for each count, each transmission constituting a separate count:

| **Count** | **Defendant's Name** | **Date** | **Loan Amount** | **Loan No.** | **Financial Institution** |
|---|---|---|---|---|---|
| **39** | **PLD** | 4/1/21 | $20,833.00 | 4778428705 | Fountainhead SBF |

| 40 | **PLD** | 4/10/21 | $20,833.00 | 6482098800 | Fountainhead SBF |
| 41 | **PLD** | 4/28/21 | $20,833.00 | 4284248906 | Benworth Capital |
| 42 | **CMD** | 4/14/21 | $20,833.00 | 3080518810 | Harvest SBF |
| 43 | **SSH** | 4/14/21 | $20,833.00 | 3158138804 | Harvest SBF |
| 44 | **SSH** | 4/26/21 | $20,833.00 | 2339808907 | Fountainhead SBF |
| 45 | **CMD** | 4/29/21 | $20,833.00 | 3531828907 | Fountainhead SBF |

In violation of 18 U.S.C. §§ 1343 and 2.

### COUNTS 46 - 52
### [18 U.S.C. §§ 1028A(a)(1) and 2]

47.    Paragraphs 1 through 24 of this indictment are hereby realleged and incorporated by reference as if fully set forth herein.

48.    On the below listed approximate dates, while in the Southern District of Ohio and elsewhere, the defendants **PIERRE LEMONE DRAPER** and **CHELSEA MARIE DRAPER** did, knowingly possess, without lawful authority means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7)(C), to wit: personal residential addresses of third parties, during and in relation to the commission of certain felony crimes as enumerated in 18 U.S.C. § 1028A(c)(1) and (5), to wit: theft of public money and property in violation of 18 U.S.C. § 641, mail fraud in violation of U.S.C. § 1341 and wire fraud in violation of U.S.C. § 1343, knowing that the means of identification belonged to another actual person.

| Count | Defendant's Name | SWA | Date of Claim | Fraudulent Address Provided |
|-------|------------------|-----|---------------|-----------------------------|
| 46 | **CMD** | Indiana | 6/14/20 | 1101 Home Avenue Ft. Wayne, Indiana 46807 |
| 47 | **CMD** | Illinois | 10/3/20 | 1401 S. Tripp Avenue Chicago, Illinois 60623 |

| 48 | **PLD** | Illinois     | 8/1/20  | 1401 S. Tripp Avenue<br>Chicago, Illinois 60623          |
| 49 | **PLD** | Mississippi  | 6/25/20 | 317 Peach Orchard Drive<br>Ridgeland, Mississippi 39157  |
| 50 | **PLD** | Maine        | 7/29/20 | 110 Main Street<br>New Sharon, Maine 04955               |
| 51 | **PLD** | Missouri     | 6/24/20 | 119 Redwood Road<br>Columbia, Missouri 65203             |
| 52 | **PLD** | Nebraska     | 6/12/20 | 334 Smith Avenue<br>Minden, Nebraska 68959               |

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

A   T R U E   B I L L

F O R E M A N

KENNETH L. PARKER
United States Attorney

DWIGHT K. KELLER (0074533)
Assistant United States Attorney

17