# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:22-cr-00078 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| PIERRE LEMONE DRAPER, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION FOR BOND (DOC. NO. 92)

This case came before the Court on Defendant's Motion for Bond (Doc. No. 92), which is opposed by the Government (Doc. No. 94). For the reasons set forth below, the Motion for Bond is DENIED.

Defendant has been in either state or federal custody since this matter began. On March 12, 2024, Defendant pled guilty to Counts 1, 22 and 49 of the Indictment. He is currently awaiting his sentencing hearing. Defendant seeks release pending his sentencing hearing so that he can attend his daughter's upcoming graduation. In support, his counsel argues that Defendant has resolved all outstanding warrants, can reside with his cousin on home detention, and did not plead guilty to a crime of violence or a crime to which a rebuttable presumption of detention applies. (Doc. No. 92, PageID 411.)

The Government opposes the Motion for Bond. Its counsel argues that in light of Defendant's criminal history, prior failures to comply with Court-ordered supervision, and active warrant from the State of Indiana, there are no conditions that will reasonably

1

assure Defendant's appearance as required and the safety of the community if he is released. (Doc. No. 94, PageID 452-53.) The Government further expresses its concern based upon Defendant's self-identification as a "sovereign citizen" who does not recognize the jurisdiction of the federal Government, including this Court. (*Id.*)

Because Defendant has pled guilty and is awaiting sentencing, the applicable test is set forth in 18 U.S.C. § 3143. It provides, in relevant part:

> . . . [T]he judicial officer ***shall*** order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a) (emphasis added).

The Court has considered the briefs submitted by the parties and also the Pretrial Service Report filed on August 3, 2022 (Doc. No. 39), which describes Defendant's criminal history. Based upon this record, the Court finds that Defendant has not met his burden of proving, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if he is released prior to his sentencing hearing. Therefore, the Motion for Bond (Doc. No. 92) is DENIED.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge